Annette Star Lustgarten Lake County Attorney
QUESTION:
1. Is a municipal service taxing unit which provides fire and rescue service limited to imposing a non-ad valorem assessment or special assessment against real property or may such assessments be imposed on tangible personal property?
2. If such assessments may be levied against tangible personal property may such assessment be placed on the tangible personal property assessment roll and tangible personal property tax bill?
SUMMARY:
1. The Lake County Municipal Taxing Unit for Fire Protection is not authorized to impose a non-ad valorem assessment or special assessment against tangible personal property within the geographical boundaries of the taxing unit.
2. In light of my answer to Question One, no response to Question Two is necessary.
According to your letter, the Board of County Commissioners of Lake County enacted an ordinance creating the Lake County Municipal Service Taxing Unit for Fire Protection. I would note that the ordinance itself limits the levy and collection of special assessments for fire protection to real property.[1]
However, you have requested and my comments are limited to a discussion of state legislative authority for the imposition of special assessments.
Pursuant to s. 125.01(1)(q), F.S., a county is authorized to:
 Establish, and subsequently merge or abolish those created hereunder, municipal service taxing or benefit units for any part or all of the unincorporated area of the county, within which may be provided fire protection . . . and other essential facilities and municipal services from funds derived from service charges, special assessments, or taxes within such unit only. . . .[2]
Subsection (r) of the statute provides, in part, that a county may:
Levy and collect taxes, both for county purposes and for the providing of municipal services within any municipal service taxing unit, and special assessments . . . which power shall be exercised in such manner, and subject to such limitations, as may be provided by general law.
Thus, the statutes authorize the imposition and collection of special assessments for fire protection.
Pursuant to s. 197.3632, F.S., non-ad valorem assessments,[3]
such as the special assessment imposed by Lake County for fire protection, may be collected pursuant to the methods described therein.[4] The information you have submitted indicates that Lake County has chosen this method of collecting the special assessments for fire protection.
The Supreme Court of Florida has recently recognized that a special assessment is not a tax. In City of Boca Raton v. State,[5]
a 1992 case, the Court stated that:
Taxes and special assessments are distinguishable in that, while both are mandatory, there is no requirement that taxes provide any specific benefit to the property; instead, they may be levied throughout the particular taxing unit for the general benefit of residents and property. On the other hand, special assessments must confer a specific benefit upon the land burdened by the assessment.[6](e.s.)
According to the Court there are two requirements which must be met to assure the validity of a special assessment: the property assessed must derive a special benefit from the service provided; and the assessment must be fairly and reasonably apportioned among the properties that receive the special benefit.[7]
Thus, a special assessment is an enforced contribution from the property owner imposed on the theory that the property assessed derives some special or peculiar benefit in the enhancement of value as a result of the improvement or service that is made with the proceeds.[8] It is the general rule that only real property, not personal property, may be assessed for local improvements because only real property can be benefited by the improvement.[9]
Finally, as noted above, the Lake County Ordinance creating the Lake County Municipal Taxing Unit for Fire Protection specifically provides that the special assessment is to be levied and collected on real property within the taxing unit. The general rule is that any material departure from the express authority conferred by statutes, ordinances, or other enactments providing for special assessments is fatal to the validity of the special assessment.[10]
Thus, attempts to impose this special assessment on other than real property may subject the assessment to challenge.
[1] See, s. 6, Lake County Ordinance No. 1990-24.
[2] The statute also authorizes the county to levy ad valorem taxes as provided therein. However, you have asked that this discussion be limited to non-ad valorem taxes.
[3] "Non-ad valorem assessments" are defined as "only those assessments which are not based upon millage and which can become a lien against a homestead as permitted in s. 4, Art. X of the State Constitution." See, s. 197.3632(1)(d), F.S.
[4] And see, AGO 90-39 (a solid waste assessment which applies to all improved residential property within a municipal service benefit unit created by ordinance for waste collection and which is assessed after the county commission has determined that the subject property receives a special benefit from the expenditure of the collected funds in addition to the general benefit accruing to all property owners, may be collected as a non-ad valorem assessment under s. 197.3632, F.S.).
[5] City of Boca Raton v. State, 595 So.2d 25 (Fla. 1992).
[6] Id. at 29.
[7] Id.
[8] See, 48 Fla.Jur.2d Special Assessments s. 1; AGO's 86-32, 84-48, and 82-103.
[9] 63 C.J.S. Municipal Corporations s. 1325. Andsee, Lybass v. Town of Ft. Myers, 47 So. 346 (Fla. 1908) (All private rights and interests in real property in a municipality are subject to the statutory powers of the municipality to levy assessments for local improvements pursuant to its governmental functions; and the Legislature may by statute create liens upon private property in favor of a municipality for local improvements, and make such liens superior to other liens acquired subsequent to the enactment of the statute.)
[10] See, 48 Fla.Jur.2d Special Assessments s. 3.